**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CUNICO CORPORATION, | No. 18-55047 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01234-PA-AJW |
| v. | |
| CUSTOM ALLOY CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted June 14, 2019
Pasadena, California

Before: WARDLAW, BYBEE, and MILLER, Circuit Judges.

Cunico Corporation appeals the district court's order compelling arbitration

and dismissing Cunico's complaint. We have jurisdiction under 9 U.S.C.

§ 16(a)(3), and we affirm.

1. Under the Federal Arbitration Act, our role is limited to analyzing

"whether a valid agreement to arbitrate exists" and "whether the agreement

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *see* 9 U.S.C. § 4. We review the district court's "legal conclusions regarding the existence of a valid, binding contract" de novo and its factual findings for clear error. *Casa del Caffe Vergnano S.p.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1211 (9th Cir. 2016).

Here, state law governs whether there is a valid agreement to arbitrate. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Both California and New Jersey have adopted the Uniform Commercial Code, which applies to the parties' transaction. *See* Cal. Com. Code §§ 1101, 2102; N.J. Rev. Stat. §§ 12A:1-101, 12A:2-102. Like the district court, we therefore find it unnecessary to conduct a choice-of-law analysis.

The district court did not err in finding that Custom Alloy's October 9, 2008 quotation was an offer and that Cunico accepted the offer by issuing purchase order 26860 on January 7, 2009. Cunico emphasizes that the purchase order contained terms that varied in some respects from those of the quotation. But the UCC rejects the common law's "mirror-image" rule for contract formation, under which "no contract was reached if the terms of the offer and the acceptance varied." *R.W.L. Enters. v. Oldcastle, Inc.*, 226 Cal. Rptr. 3d 677, 687 (Ct. App. 2017) (citation omitted); *accord Sun Coast Merch. Corp. v. Myron Corp.*, 922 A.2d 782, 791 (N.J. Super. Ct. App. Div. 2007). Under section 2-207 of the UCC,

2

Cunico's purchase order did not need to be identical to Custom Alloy's quotation to constitute an acceptance and to form a contract. And because Custom Alloy's quotation expressly incorporated Custom Alloy's terms and conditions—which, in turn, contained an arbitration clause—those terms and conditions became part of the contract. *See* Cal. Com. Code § 2204(1); N.J. Rev. Stat. § 12A:2-204(1). Cunico contends that it never received the terms and conditions, but the district court found that Custom Alloy's terms and conditions were "readily available" to Cunico. *See Selective Way Ins. Co. v. Glasstech, Inc.*, 191 F. Supp. 3d 350, 359 (D.N.J. 2016) (finding that terms were "reasonably communicated" when incorporated by reference in the quotation); *Wolschlager v. Fid. Nat'l Title Ins. Co.*, 4 Cal. Rptr. 3d 179, 185 (Ct. App. 2003) (concluding that an arbitration clause incorporated by reference was binding because it was "easily available" to the plaintiff). If Cunico wished to avoid an obligation to arbitrate, it should have rejected the arbitration clause when it issued its purchase order. There is no clear error in the district court's finding that Cunico acquiesced to the arbitration clause.

2. The arbitration clause is neither procedurally nor substantively unconscionable. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000); *B & S Ltd., Inc. v. Elephant & Castle Int'l, Inc.*, 906 A.2d 511, 521-22 (N.J. Super. Ct. Ch. Div. 2006). Procedurally, there is no clear error in the district court's finding that Cunico and Custom Alloy are both business entities

with equal bargaining power that spent months negotiating the terms of their agreement. There is no evidence that Custom Alloy deployed any unfair business tactics, or that Cunico was otherwise compelled to accept the arbitration agreement. Substantively, there is nothing shocking to the conscience when two business entities agree that a commercial dispute will be arbitrated in New York.

3. Custom Alloy did not waive its right to arbitrate the dispute. "Waiver of a contractual right to arbitration is not favored." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). Cunico, as the party asserting waiver, "bears a heavy burden" to show that Custom Alloy knew it had "an existing right to compel arbitration," that it acted inconsistently with that right, and that Cunico suffered prejudice as a result. *Id.* (citation omitted). Cunico has not carried that burden. Custom Alloy raised the arbitration agreement at the first opportunity: as an affirmative defense in its answer to Cunico's complaint in state court. Custom Alloy removed the case to federal court the same day that it filed its answer. Any delay by Custom Alloy in moving to compel arbitration once the case reached federal court did not prejudice Cunico.

**AFFIRMED.**

4